

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-17-2010

# John Demos, Jr. v. President USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-4161

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"John Demos, Jr. v. President USA" (2010). *2010 Decisions*. Paper 1871.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1871

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-094                                                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4161
_____

JOHN ROBERT DEMOS, JR., Appellant

v.

PRESIDENT OF THE UNITED STATES,
THE HON. GEORGE W. BUSH;
THE UNITED STATES OF AMERICA

_____

On Appeal from the District Court
for the District of the Virgin Islands
(D.C. Civ. No. 08-cv-00010)
District Judge:  Honorable Raymond L. Finch

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 14, 2010
Before: BARRY, FISHER and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 17, 2010 )
_____

OPINION
_____

PER CURIAM.

On January 29, 2008, John R. Demos, Jr., an inmate in the State of Washington,

filed in the District Court for the District of the Virgin Islands a pleading titled "writ of

quo warranto, or in the alternative, a civil claim against the President of the United States of America," purportedly pursuant to 28 U.S.C. § 1651. Although his pleading is largely illegible, Demos appears to claim, among other things, that then-President George W. Bush engaged in "employer discrimination" by failing to hire Demos "for the job of U.S. Secretary of State." Pleading at 9.

On September 23, 2009, the District Court entered an order dismissing the matter for failure to prosecute because Demos had neither served the defendants nor sought leave to proceed in forma pauperis. Demos timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. We will summarily affirm because the appeal presents "no substantial question." 3d Cir. IOP Ch. 10.6.

The record reflects that Demos neither paid the fees nor submitted a motion in the District Court for leave to proceed in forma pauperis. His suit was thus properly dismissed on that basis alone.[1] The filing fee issue aside, Federal Rule of Civil Procedure 4(m) provides that if service is not made within 120 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. Although Demos asserts on appeal

---

[1] We note that Demos is a litigant with "three strikes" under 28 U.S.C. § 1915(g). To the extent that he filed the present suit under "28 U.S.C. § 1651" in a thinly veiled attempt to evade the provisions of the Prison Litigation Reform Act, the District Court should have required Demos either to pay the filing fee for a civil action in full, or to demonstrate "imminent danger of serious physical injury" within the meaning of § 1915(g) if he wished to proceed in forma pauperis.

2

that he served the complaint, <u>see</u> "Petitioner's Rebuttal" at 2, there is no record evidence to support that assertion. Under Rule 4(*l*), "[u]nless service is waived, proof of service must be made to the court.... [P]roof must be made by the server's affidavit." Demos did not demonstrate proper service.

For these reasons, we will affirm the order dismissing this matter for failure to prosecute.